UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOMAR PACKAGING INTERNATIONAL
CORPORATION et al
    V.
KOBEL INTERNATIONAL, INC. et al

CASE NO. :97-2651 (DRD)

## ORDER

    Pending before the Court is Plaintiff's request to reconsider (Docket No. 26) the Opinion and Order entered on June 30, 1999, notified to the parties on July 2, 1999 (Docket No. 23); Defendants' opposition to Plaintiffs' motion for reconsideration (Docket No. 26); Plaintiffs' leave to file reply to Defendants' opposition (Docket No. 27); and Plaintiffs' request for a hearing in relation to the motion for reconsideration (Docket No. 28). In the aforementioned Opinion and Order of June 30, 1999, the Court dismissed the complaint for "plaintiffs' pattern of non-compliance with discovery requests resulting in almost a year of delay, their failure to timely comply with a court Order warning of severe consequences for non-compliance, their failure to timely oppose at least four motions to compel and/or dismiss filed against them, and their failure to provide any justifications for the delays..." (Docket No. 23 at pg. 8).

    Courts have inherent power to reconsider their decisions and Rule 59 (e) is the proper procedural vehicle to request this reconsideration. See generally: Jusino v. Zayas, 875 F.2d 986, 989 n.3 (1989); HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir.1988) ("judiciary must be free, within reason, to exercise ... inherent power in flexible and pragmatic ways"); Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 (1st Cir.1985) (Civil Rules "do not completely describe and limit the power of district courts"), cert. denied, 475 U.S. 1018, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986); United States v. Jerry, 487 F.2d 600, 604-05 (3d Cir.1973); Bucy v. Nevada Constr. Co., 125 F.2d 213, 217 (9th Cir.1942). Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994); (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992)); Cherena v. Coors Brewing Com., 20 F. Supp. 2d 282, 286 (D.P.R. 1998); see also National Metal Finishing Com. V. Barclaysamerican /Commercial, Inc., 899 F. 2d 119, 124 (1st Cir. 1990); McDowell, 817 F.Supp. at 541-542. Motions for reconsideration may not be used by the loosing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com., 899 F. 2d at 123. See also: Agola v. Hagner, 678 F. Supp. 988, 991 (D.C.N.Y. 1987); Waye, 846 F. Supp. at 314 Fn. 3 (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed.); Davis v. Luckhard, 106 F.R.D. 317 (E.D.Va. 1984) (a motion for reconsideration cannot be used "to reargue matters already argued and disposed of nor to put additional arguments which could have been made but neglected to make before judgment".)

    Neither Plaintiffs' motion for reconsideration or Plaintiffs' request for hearing seek to correct any manifest error of law or fact, present newly discovered evidence, bring to the Court's attention an intervening change of law or present any other extraordinary circumstance to justify modifying the Court's determination to dismiss the complaint. On the contrary, Plaintiffs' motions have simply repeated Plaintiffs' arguments that dismissal is too harsh a sanction for their non-compliance with discovery. The fact that Plaintiffs' have now framed their argument under the Due Process Clause does not change the fact that their underlying argument is the same one that was raised or could have been raised in Plaintiffs' opposition to Defendants' motion requesting dismissal.

    Further, although it is true that Plaintiffs failed to comply with only one Court Order, the Court did not dismiss Plaintiffs' complaint only because of that one failure to comply. The Court's Order of June 30, 1999,

| ORDER |
|-------|

carefully documents Plaintiffs' lack of prosecution, failure to oppose four (4) motions to compel discovery or dismiss the complaint filed by Defendants, failure to provide adequate justifications for their delay in complying with discovery, and disregard for discovery obligations under the FEDERAL RULES OF CIVIL PROCEDURE. None of these aspects of the Court's June 30, 1999, Order have been addressed by Plaintiffs.

Plaintiffs' motion for reconsideration (Docket No. 25) and Plaintiffs' motion for a hearing (Docket No. 28) are hereby **DENIED**. Plaintiffs' motion for leave to file reply to opposition (Docket No. 27) is **MOOT**.

IT IS SO ORDERED.

Date: October 25, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N \97-2651 REC